THE STATE v. NEWTON.

1. **Criminal Law:** ATTEMPT TO COMMIT RAPE. An assault upon a female child under ten years of age with the intent to carnally know her is indictable under section 3873 of the Code.

2. ———: ———: KNOWLEDGE OF AGE. To constitute the offense it is not necessary that the defendant should *know* the child is under ten years of age, but it is sufficient if the fact exist.

*Appeal from Keokuk District Court.*

WEDNESDAY, SEPTEMBER 20.

THE defendant was convicted upon an indictment charging an offense in the following language: "That on etc., at etc., the defendant upon one Jerusha A. L., a female child under the age of...... years, to-wit: seven years of age, did feloniously make an assault with intent the said Jerusha A. L. feloniously to ravish and carnally know by force and against her will." From a judgment upon such conviction defendant appeals to this court. The facts of the case involved in the points ruled in the opinion appear therein.

*Woodin & McJunkin*, for appellant.

*M. E. Cutts*, Attorney General, for the State.

BECK, J.—I. Evidence having been introduced supporting the indictment, the court gave the following instructions to the jury:

"1. The statute provides: 'If any person ravish and car-

nally know any female of the age of ten years or more by force and against her will, or carnally know and abuse any female under the age of ten years, he shall be punished,' etc., and this is the statutory definition of the crime of rape under our Code. The statute further provides: 'If any person assault a female with intent to commit a rape, he shall be punished.'

"2. Under the indictment in this case the first question for you to determine is, did the defendant, in this county and State, within three years, make an assault on one Jerusha A. Landers, a female child under ten years of age. Before you will be authorized to so find, the evidence must satisfy you beyond a reasonable doubt of that fact, and all other material facts necessary to constitute the crime charged.

"3. If you find the alleged assault was made as charged, then has the intent been sufficiently proven. The intent must be established from the evidence, but it may be inferred from facts and circumstances. If the evidence establish the facts which usually accompany and precede the crime of rape when fully consummated, then if such facts and circumstances have not been explained, and the assault is made out, it is fair to presume that the assault was accompanied by the intent. For this purpose you will consider the age of the child, her knowledge of the act, her capacity to understand and know what was intended, the place and time, the words made use of and accompanying the act itself, and from them all you will exercise reason and common sense, and determine whether he intended to carnally know and abuse the child or not, and if he did you will return a verdict of guilty as charged, provided the evidence of Jerusha A. Landers has been corroborated by other witnesses tending to connect defendant with the alleged crime."

II. The statutes under which defendant was indicted are as follows: Code, § 3861. "If any person ravish and car-

**1. CRIMINAL law: attempt to commit rape.** nally know any female of the age of ten years or more, by force and against her will, or carnally know and abuse any female child under the age of ten years, he shall be punished by imprisonment in the

penitentiary for life or any term of years." Sec. 3873. "If any person assault a female with intent to commit a rape, he shall be punished by imprisonment in the penitentiary not exceeding twenty years."

Section 3861 defines and provides the punishment for the crime of rape. There is no other provision found in the statutes of the State defining that crime. Carnal knowledge of a female child under ten years of age constitutes that crime. Under section 3873, an assault with intent to carnally know a child under ten years of age is indictable.

III. The indictment alleges the age of the child upon whom the assault was committed to have been under the age of ten years with such degree of certainty as "to enable a person of common understanding to know what is intended." Nothing more is required. Code, § 4305.

IV. It is insisted that the instructions were erroneous in that they failed to direct the jury that the defendant could 2. ——: ——: not be convicted, unless it was proved he knew knowledge of age. the child was under the age of ten years. The crime does not depend upon the *knowledge* of defendant of the fact that the child was under ten years of age, but upon the fact itself. So the statute provides. See *Jamison v. Burton*, 43 Iowa, 283.

We conclude that the indictment was sufficient, and the jury were correctly and sufficiently instructed.

V. It is urged that the evidence does not support the conviction. We think otherwise. The crime was clearly established by competent evidence.

VI. It is lastly claimed that the punishment of defendant—five years in the penitentiary, is excessive. The record before us does not present a single mitigating fact or circumstance, as the youth of the defendant or the like, to detract from the heinousness of the crime. We discover no grounds for interfering with the judgment of the court below. It is

AFFIRMED.