[Argued January 10; decided January 15, 1894.]

, STATE *v.* CHAIMS.

[S. C. 35 Pac. 450.]

ASSAULT WITH INTENT TO RAPE — INSTRUCTION — INVADING PROVINCE OF
  JURY.— On trial for assault with intent to rape, the court did not in-
  vade the province of the jury in charging that, "if the evidence estab-
  lish the facts which usually accompany and precede the crime of rape
  when fully consummated, then if such facts and circumstances have
  not been explained, and the assault is made out, it is fair to presume
  that the assault was accompanied with the intent."

APPEAL from Multnomah: M. G. MUNLY, Judge.

Elias Chaims was indicted for assault with intent to
commit a rape upon a female child under fourteen years
of age. Nellie Bower, the prosecutrix, testified that de-
fendant took improper liberties with her. Other wit-
nesses testified to the place where defendant was seen
with her; and defendant denied the charge as sworn to
by prosecutrix, and offered testimony as to his good repu-
tation. The only exception relied upon for reversal on
appeal was to the following instruction by the trial court

to the jury: "If you find that the alleged assault was made as charged, then has the intent been ·sufficiently proven. The intent must be established from the evidence, but it may be inferred from the facts and circumstances in evidence in this case. If the evidence establish the facts which usually accompany and precede the crime of rape when fully consummated, then, if such facts and circumstances have not been explained, and the assault is made out, it is fair to presume that the assault was accompanied with the intent." The defendant was convicted and appeals.            AFFIRMED.

*Mr. Henry E. McGinn ( Messrs. Alfred F. Sears, Jr.,* and *Nathan D. Simon* on the brief), for Appellant.

*Messers. George E. Chamberlain,* Attorney-General, and *John H. Hall ( Mr. Wilson T. Hume* on the brief), for the State.

PER CURIAM.

The alleged error upon which the defendant relies for a reversal of the judgment is a certain instruction excepted to and set out in the bill of exceptions. This instruction is a transcript of an instruction approved in *State* v. *Newton,* 44 Iowa, 45, where the defendant was indicted and convicted of a like offense. Upon the facts as presented by this record, we think the instruction was applicable, and did not invade the province of the jury. Judgment affirmed.            AFFIRMED.