STATE OF IOWA v. FRANK SHERMAN, Appellant.

Assault to Rape: KNOWLEDGE OF PROSECUTRIX' AGE    Under Code 1873, section 3873, providing that, "if any person assault a female with intent to commit rape, he shall be punished," etc., defendant need not have known that she was under such age, in order to sustain a conviction for such assault.

EVIDENCE. Where defendant caused a female under the age of consent to lie on the ground and unbotton her clothing, for the purpose and with the intent of having sexual intercourse with her, it was an assault with intent to commit rape.

INCLUDED OFFENSE: *When submitted.* Where the evidence shows defendant guilty of the crime charged, or of none at all, an instruction as to lower degrees of crime is unnecessary.

INSTRUCTIONS. Where the jury are plainly charged as to the degree of evidence necessary to convict, a refusal to charge that, if they should reject the testimony of the State's only witness, they must find for the defendant, is harmless.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

THURSDAY, DECEMBER 15, 1898.

INDICTMENT for rape on a female under the age of thirteen years. Verdict of guilty and a judgment thereon. The defendant appealed.—*Affirmed.*

*John Hudspeth* for appellant.

*Milton Remley,* Attorney General, *C. A. Meredith,* County Attorney, and *Jesse A. Miller,* for the State.

GRANGER, J.—I. When the indictment was returned the "age of consent" was thirteen instead of fifteen years, as at present. The court instructed the jury on the question of an assault with intent to commit rape, as being included in the crime charged in the indictment, and of this complaint is made, it not appearing that defendant had actual knowledge of the age of the prosecutrix; and appellant's claim is that there must not only be the intent to commit rape, but it must be intent to do so on a female under the age of thirteen years. A female under the age of thirteen years is not competent to consent to sexual intercourse, nor can she consent to an assault for that purpose. *State v. Grossheim,* 79 Iowa, 75; *State v. Carnagy,* 106 Iowa, 483. It is not necessary that the defendant should be shown

to have knowledge that the female was under the age of thirteen years, to sustain a conviction for an assault with intent to commit rape. The crime does not depend upon the knowledge of defendant of the fact that the child was under that age, but upon the fact of the assault. *State v. Newton,* 44 Iowa, 45; *State v. Grossheim, supra.* Code 1873, section 3873, provides: "If any person assault a female with intent to commit rape, he shall be punished by imprisonment in the penitentiary not exceeding twenty years." There is no provision of the law defining, as a specific crime, an assault with intent to commit rape on a female under the age of thirteen years. An assault on any female, with intent to commit rape, makes the offense charged in the section quoted; and the punishment, whatever may be the age of the person assaulted, is as provided in that section. The law simply requires that there shall be an assault with intent to commit rape on a female. The crime of rape itself, as to the different offenses prescribed, is made to depend on different facts, as the indictment may show the age to be above or below that which marks the distinction. Not so as to an assault with intent to commit rape. If, then, the law requires, in such a case as this, that the jury must find that the female was under the age of thirteen years, to sustain a conviction for an assault with intent to commit rape,—which question we need not and do not decide, for the court so instructed,—it is no more important that the defendant shall have knowledge of the age, than that he should have such knowledge in a case of rape, to sustain a conviction where the indictment charges the female to be under the age of thirteen. Conceding that as to both cases there must be proof of the age, to convict of an intent to commit a particular crime, the intent need not be as to other facts than those necessary to convict of the crime itself; and, as we have said,—and the rule is not questioned,—in case of rape, as charged in this indictment, knowledge of the age need not be shown. Appellant has cited authorities and quoted extensively general rules, as to the element of intent in crimes, about which there is no controversy; but they do not apply

here, in the sense claimed for them. It will be well, in this immediate connection, to dispose of another question, largely controlled by what we have said. The court said to the jury, on the question of an assault with intent to commit rape, after defining an "assault:" "If you find from the evidence that the defendant at the time and place in question asked or caused the said Minnie Blood to lie down upon the ground and disarrange or unbutton her clothing, for the purpose of having sexual intercouse with her, that would constitute an assault; and if, in addition to such facts you further find that it was the defendant's intention in so doing to carnally know her, and you further find that the said Minnie Blood at that time was under the age of thirteen years, and nothing further be shown, then the defendant is guilty of an assault with intent to commit rape, and should be convicted accordingly." Nothing but actual sexual intercourse was necessary, to follow the acts described as an assault, to constitute rape upon a female of that age. If so, and if the acts specified were done with intent to have such intercourse, then the conclusion must follow that it was an assault with intent to commit rape.

II.    The court did not submit to the jury the question of a simple assault, and error is assigned because of the failure. It was not error. In *State v. Cater*, 100 Iowa, 501, we said, as touching the lower degrees of a crime charged, and referring to Code 1873, sections 4465, 4466, that they had "no application when the facts show that the defendant is either guilty of the crime charged, or not guilty of any crime, and that in such a case it is not incumbent on the court to charge as to the lower grades of the crime. See that case for a collection of the cases so holding in this state. The holding is decisive of the present assignment in this case. If there was not an assault with intent to commit rape, there was no crime committed. No other conclusion could properly be arrived at from the evidence.

III.    The defendant asked the court to instruct the jury that if, for any reason, it should reject the testimony of Min-

nie Blood as to defendant's alleged carnal knowledge of her, and relations with her, then its verdict should be for the defendant. The instruction could well have been given, because there is no evidence, aside from that of Minnie Blood, that could sustain a verdict in the case; but, while such a conclusion was not stated in that way, the jury was plainly told the degree of evidence necessary to convict, and the defendant's rights were well and amply guarded against a conviction except upon evidence to satisfy it beyond a reasonable doubt.

Several other questions are argued, that we need not discuss, as they are covered by what we have said, or are not doubtful, under the authorities of this state. The verdict has full support in the evidence, and the judgment will be AFFIRMED.