**STATE of Iowa, Appellee,**

v.

**Ricky YORK, Appellant.**

**No. 63715.**

Supreme Court of Iowa.

June 18, 1980.

Alfredo G. Parrish of Parrish & Del Gallo, Des Moines, for appellant.

Thomas Miller, Atty. Gen., and Julie Pottorff, Asst. Atty. Gen., for appellee.

Considered by LeGRAND, P. J., and UH-LENHOPP, HARRIS, McCORMICK, and LARSON, JJ.

LeGRAND, Justice.

This is an appeal from conviction and resultant sentence for the crime of sexual abuse in the second degree in violation of section 709.3, The Code. We affirm the trial court.

We set out the underlying facts. Defendant accosted a young woman who was walking along an Iowa City street at about 9 p. m. one evening. He threatened her with a knife, commanded her to walk down an alley, where she was forced to perform an act of oral sex on her assailant. The assailant then forced her into his car, drove a short while, stopped and ordered her to remove her clothes. After unsuccessfully attempting to have sexual intercourse with her, he again forced her to perform an act of oral sex.

Defendant was arrested the next day from a description furnished by the victim. He was charged with the crime of sexual abuse in the second degree. He waived

trial by jury and was convicted after a bench trial. On this appeal, he raises two issues:

1. The court erred in failing to recognize involuntary intoxication as a complete defense.
2. The evidence was insufficient to justify the verdict.

Upon the waiver of a jury, the trial of a criminal is subject to the same general rules as trial of a civil case to the court. The findings of the court have the effect of a special jury verdict and, if supported by substantial evidence, are binding on review. *State v. Hall*, 287 N.W.2d 564, 565 (Iowa 1980).

I. Defendant's first issue seeks to establish he was intoxicated from an involuntary ingestion of drugs. He says this should be a complete defense to the crime, and he claims he is entitled to a reversal because the trial court failed to recognize it as such.

Defendant introduced evidence to show that one tablet of LSD (lysergic acid) which was dusted with PCP (phencyclidine) was slipped into a can of beer he was drinking. This was done without his knowledge or consent. He says he can remember very little thereafter and that he was intoxicated from the effects of this drug.

It is difficult to tell from defendant's argument, both at trial and in his brief here, whether he is claiming temporary insanity or whether he is using the alleged intoxication to establish his inability to form specific intent. Both the trial court and defendant treated this crime as a specific intent crime. However, it is not. In *State v. Stevens*, 289 N.W.2d 592 (Iowa 1980), we held the present sexual abuse statute includes the crime formerly designated as rape as well as other proscribed conduct. Under the former statute (§ 698.-1, The Code 1977), rape was not a specific intent crime. *See State v. Templeton*, 258 N.W.2d 380, 382 (Iowa 1977); *State v. Booth*, 169 N.W.2d 869, 873–74 (Iowa 1969). Neither do the acts now defined as sexual abuse require a specific intent. We consider this record with that in mind.

In any event, defendant's whole theory is that he was rendered intoxicated by the involuntary ingestion of LSD. While we have had a number of cases in which voluntary intoxication was raised as a defense, resulting either from alcohol and from drugs, we have never squarely considered whether involuntary intoxication is to be treated similarly. On the question of voluntary intoxication, see *State v. Hall*, 214 N.W.2d 205, 207–08 (Iowa 1974); *State v. Booth*, 169 N.W.2d at 873.

We find it unnecessary to reach that issue because the trial court found defendant was *not* intoxicated. This finding has ample support in the evidence. We discuss the sufficiency of the evidence more fully in Division II. If defendant was not intoxicated, it matters not whether the drug was ingested voluntarily or involuntarily. This defense must fail because of the factual finding of the court.

Closely related to this issue is defendant's further contention claiming that the evidence concerning his mental condition resulting from involuntary intoxication was erroneously considered by the court only as it bore on his capacity to form a specific intent. We already said this is not a specific intent crime. The court's conclusion that it was gave defendant an advantage to which he was not entitled and about which he may not now complain.

There is no merit to defendant's argument regarding involuntary intoxication.

II. This brings us to defendant's last contention—that the evidence was insufficient to sustain the verdict. On the contrary, there was almost overwhelming evidence to support the trial court.

The principal witnesses were the defendant himself and the victim. Several police officers and a psychiatrist testified for the State. A professor of pharmacy at the University of Iowa, a psychiatrist, and the young man who secretly placed the LSD in defendant's beer testified for the defendant. We briefly review the evidence developed.

The victim testified in considerable detail concerning the offense. Her recitation of events, if believed, constituted sexual abuse under section 709.3(1), The Code. See also statutory definition of sex act in section 702.17, The Code. Defendant did not categorically deny the victim's testimony. He claimed only a hazy recollection of the events on the night in question. He admitted he "remembered confronting a girl" and that he was "troubled" by a "flashback" about matters he could not specifically recall. Two police officers testified defendant told them he started out that evening to "rape someone." Defendant admitted making the statement but denied it was true.

Dr. Paul Loeffelholz, the State's psychiatrist, stated defendant's conduct as outlined by a hypothetical question was that of one who was not under the influence of drugs. His course of action was planned, he carried it out according to that plan, his conversation and actions were those of a rational person.

Dr. Paul Perry, a professor of pharmacy at the university, testified as to the general characteristics of LSD and PCP. He described LSD as an hallucinatory drug and PCP as a depressant. Some of the symptoms which he ascribed to these drugs fitted in with the symptoms about which defendant testified. Dr. Perry did not express any opinion as to the defendant's condition at the time of the offense.

The defendant produced Dr. Timothy Olson, a resident psychiatrist at the university hospitals, as his expert. He was careful to premise all his testimony upon the assumption that what defendant had told him was true. Dr. Olson testified that the defendant might well have been confused and disoriented at the time of the offense. He expressed the opinion that a person, after the use of such drugs, often acts on impulses he ordinarily suppresses. We believe the following represents the strongest testimony from Dr. Olson:

Q. Did the symptoms reported to you by Ricky York seem consistent with PCP or LSD intoxication?

A. There was nothing about his report that was inconsistent with that. There was nothing to me that would indicate one way or the other that the thing actually occurred without some kind of outside evidence or outside report on his behavior. It certainly could have occurred.

Q. Doctor, assuming the history given to you by Mr. York was true, do you have an opinion as to whether he could be sexually aggressive on March 4, and whether that sexual aggression was probably the result of drug intoxication?

A. Assuming that his report was true, it sounds like he indeed was sexually aggressive and this might have been the disinhibiting effect of drugs might have permitted this to occur.

There was also testimony from Reginald Williams, who admitted he slipped the LSD tablet in defendant's beer without the defendant's knowledge or consent. He did not, however, express any opinion as to defendant's condition thereafter. He was with defendant just a few minutes before the assault occurred. He did not say that defendant was irrational, that he was not normal, or that there was anything peculiar about his conduct or behavior.

We should, perhaps, point out that the rule announced in *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980), under which we consider all the evidence (instead of only that which is favorable to the State) in ruling on the sufficiency of evidence does not apply here because *Robinson* was given only prospective effect. However, the result would be the same even under that standard.

III. We find no reversible error and the judgment is affirmed.

AFFIRMED.