STATE of Iowa, Appellee,

v.

Kevin Ray TAGUE, Appellant.

No. 65141.

Supreme Court of Iowa.

Sept. 23, 1981.

John C. Platt, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, McCORMICK, and ALLBEE, JJ.

HARRIS, Justice.

We affirm defendant's conviction of sexual abuse in the third degree. § 709.4(3), The Code 1979. In his assignments of error defendant contends the State should have been required to show intent as an element of the offense, that his good faith mistake about the victim's age was a defense, that he was denied due process and equal protection, and that lascivious acts with a child should have been submitted as a lesser included offense.

The victim, Valerie, was a girl 13 years old. Defendant was 22. They had met previously. On June 19, 1979, defendant was visited at his trailer home by Valerie who was babysitting nearby. Valerie said her purpose was to borrow laundry soap. They engaged in conversation which led to kissing but Valerie declined defendant's request that she go to bed with him. She was, however, led to defendant's bedroom where, after a period of time, defendant committed a sex act upon her.

Valerie left upon hearing the approach of her father's car. Later the same day defendant visited with Valerie and con-

fided to her that he was worried about their previous actions and whether he had acted illegally because he did not know the age of consent in Iowa. At trial defendant testified he asked Valerie her age prior to taking her to the bedroom and that she told him she was 14 going on 15. The jury of course could believe Valerie's testimony that she told defendant she was 13.

I. The statute provides, in pertinent part:

> *Sexual abuse in the third degree.* Any sex act between persons who are not at the time cohabiting as husband and wife is sexual abuse in the third degree by a person when the act is performed with the other participant in any of the following circumstances:

> .  .  .  .  .

> 3. The other participant is a child [under 14 years old, § 702.5].

§ 709.4(3), The Code 1979. Defendant's first assignment complains of the trial court's refusal to instruct the jury that intent is an element of the offense. Another subsection of the third degree sexual abuse statute, proscribing sex acts when the other participant suffers from a mental defect or incapacity under section 709.4(2), was the subject of our interpretation in *State v. Sullivan,* 298 N.W.2d 267 (Iowa 1980). We held "this crime does not require knowledge or intent." 298 N.W.2d at 273. The nature of the offenses under the two subsections are sufficiently similar to call for the same interpretation.

The State's interest under the subsection involved in this case is to regulate the sexual activity of younger citizens. *State v. Coil,* 264 N.W.2d 293, 296 (Iowa 1978). The State has at least as much interest in protecting its children as in protecting retarded or mentally deficient adults. Neither case law nor the statute supports defendant's view that intent is an element of the crime. The trial court properly refused to instruct on the issue of defendant's state of mind.

■ Defendant's view that intent should be an element supports his alternative argument that he was denied due process of law. He bases this contention on the general disfavor of strict liability offenses. He cites *State v. Conner,* 292 N.W.2d 682, 687 (Iowa 1980), for the proposition that we frequently interpret statutes to require proof of intent, even where not explicitly called for in the statute, in order to protect morally blameless defendants. But defendant cannot claim to be morally blameless. And he concedes in his brief that strict liability concepts are commonly used in the public interest to "put the burden upon the person standing in a responsible relation to a public danger even though he might otherwise be innocent." Statutes regarding sex offenses are common examples of employment of strict liability intended to protect the public welfare. As such they do not violate due process. *See* W. LaFave & A. Scott, Criminal Law, § 31 (1972).

■ II. A separate criminal statute proscribes lascivious acts with a child. § 709.8, The Code 1979. Intent is a necessary element of that offense. *State v. Haines,* 259 N.W.2d 806, 811 (Iowa 1977). Defendant argues that, if intent is not an element of third degree sexual abuse but is an element of lascivious acts with a child, it is a denial of equal protection to prosecute him for third degree sexual abuse.

The contention is without merit. In *United States v. Batchelder,* 442 U.S. 114, 123–24, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755, 764–65 (1977), the United States Supreme Court held:

> This court has long recognized that, when an act violates more than one criminal statute, the government may prosecute under either so long as it does not discriminate against any class of defendants .... Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion. [Citations omitted.]

Even though the two offenses call for differing punishments defendant cannot complain. "The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does

not give rise to a violation of the equal protection or due process clause." 442 U.S. at 125, 99 S.Ct. at 2205, 60 L.Ed.2d at 765. Defendant's equal protection right was not abridged.

■ III. Defendant also contends that the trial court erred in refusing his proposed instruction that good faith reasonable mistake of fact (the victim's age) is a defense to the charge of sexual abuse in the third degree. He relies on four cases: *State v. Freeman*, 267 N.W.2d 69 (Iowa 1978) (trial court erred in inadequately instructing jury on mistake of fact as defense to crime of intent); *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957) (conviction, for noncompliance with statute requiring registration of convicted felons, held violative of due process); *People v. Atchison*, 22 Cal.3d 181, 583 P.2d 735, 148 Cal.Rptr. 881 (1978) (trial court erred in instructing jury that knowledge of age of a minor is immaterial to the charge of contributing to the delinquency of a minor); *State v. Guest*, 583 P.2d 836 (Alaska 1978) (good faith reasonable mistake of fact held to be a defense to a charge of statutory rape). We are not persuaded.

In *Freeman* mistake of fact became involved because we considered the crime of shoplifting (§ 709.20, The Code 1975), an offense in which intent was an element. As we have seen intent is not an element of sexual abuse in the third degree. *Freeman* is not in point.

Defendant apparently cites *Lambert* to support his contention that mistake of fact should have been available as a defense. *Lambert* does not bear such an interpretation:

> There is wide latitude in the lawmakers to declare an offense and to exclude elements of knowledge and diligence from its definition. . . . But we deal here with conduct that is wholly passive—mere failure to register. It is unlike the commission of acts, or the failure to act under circumstances that should alert the doer to the consequences of his deed.

355 U.S. at 228, 78 S.Ct. at 242–43, 2 L.Ed.2d at 231 (citations omitted).

The *Lambert* court was specifically concerned with the constitutionality of a proscription of passive conduct combined with lack of notice. *Id.* The present case is far removed from the concerns addressed in *Lambert*. Defendant here testified he questioned the victim about her age. Obviously his conduct was active in nature and he was alerted to the possible criminal consequences of his acts.

*Atchison* and *Guest* do support defendant's proposition on mistake of fact. At best they represent a minority position. Annot., 8 A.L.R.3d 1100 (1966); 65 Am. Jur.2d, Rape, § 36 (1972); 75 C.J.S. Rape § 35 (1952). We have long subscribed to the majority position. *Sullivan*, supra, 298 N.W.2d at 272–73; *State v. Sherman*, 106 Iowa 684, 685–86, 77 N.W. 461, 462 (1898); *State v. Newton*, 44 Iowa 45, 47 (1876).

Defendant plainly bears the full risk of his conduct. Mistake of fact is not a defense and the trial court was correct in refusing defendant's instruction.

■ IV. Finally, defendant contends the trial court should have instructed that the crimes of lascivious acts with a child, § 709.8, The Code, and assault, § 708.1, The Code, were lesser included offenses of the crime of sexual abuse in the third degree. We have repeatedly explained the test for determining whether a crime is a lesser included offense in another. A recent example is *State v. Sangster*, 299 N.W.2d 661, 663–64 (Iowa 1980).

The elements for the sexual abuse charged here are: (1) that the defendant performed a sex act with (2) the victim, who was a child, and (3) the defendant was not living with the victim as husband and wife. § 709.4, The Code 1979.

The elements of lascivious acts with a child are: (1) that defendant performed a sex act, (2) that such act or acts were committed or permitted for the purpose of arousing or satisfying the sexual desires of the defendant or the child, (3) that at the time, defendant was at least 18 years old, (4) that at the time the child was less than 14 years old, and (5) that at the time the

defendant and the child were not married to each other. § 709.8, The Code 1979.

Clearly, elements 2 and 3 above are not shared by the offense of sexual abuse in the third degree. It follows that the offense of lascivious acts with a child fails the first (elements) test described in *Sangster*.

The elements of the crime of assault are: (1) the commission of an act (2) intended to (a) cause pain or injury or (b) result in physical contact which would have been insulting or offensive to the victim or (c) place the victim in fear of immediate physical contact which would have been painful, injurious, insulting or offensive to the victim, (3) with the apparent ability to do such act. § 708.1, The Code 1979.

Elements 2 and 3 are distinct from the elements of the crime of sexual abuse in the third degree. From this it also follows that the offense of assault fails the elements test.

Defendant cites *State v. Johnson*, 291 N.W.2d 6, 10 (Iowa 1980), in which we held the crime of assault while participating in a felony is an included offense in sexual abuse in the third degree. *Johnson*, however, involved a violation of section 709.4(1), which proscribes the commission of a sex act by force or against the will of the other participant. Intent, the possible use of force, or the fact that the act was done without the consent of or against the will of the victim, though elements in *Johnson*, are irrelevant here under section 709.4(3). The trial court did not err in refusing defendant's proposed instructions on lesser included offenses.

As all of defendant's assignments are without merit the judgment of the trial court is affirmed.

AFFIRMED.