**STATE of Iowa, Plaintiff-Appellee,**

v.

**Ronald Gene CHRISTENSEN, Jr., Defendant–Appellant.**

No. 86–1133.

Court of Appeals of Iowa.

Aug. 26, 1987.

Charles Harrington, Chief Appellate Defender, and Linda Del Gallo, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., and David L. Dorff, Asst. Atty. Gen., for plaintiff-appellee.

Considered by DONIELSON, P.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

On April 11, 1986, the appellant, Ronald Gene Christensen, Jr., was charged by trial information with sexual abuse in the third-degree, false imprisonment, and assault with intent to inflict serious injury. Those charges stemmed from allegations of Christensen's physical and sexual abuse of Debora Delp, a woman with whom Christensen lived from February 28 to March 12, 1986. Trial commenced on July 14, 1986, and two days later the jury returned verdicts finding Christensen guilty as charged on the sexual abuse and assault counts. The jury acquitted Christensen of the false imprisonment charges. On August 4, 1986, Christensen's motions in arrest of judgment and for new trial were denied. He was sentenced to concurrent terms not to exceed ten years on the sexual abuse conviction and not to exceed two years on the assault conviction. This appeal followed. Our review is limited to the correction of errors at law. Iowa R.App.P. 4.

Christensen maintains the district court erred in allowing the testimony of Carol Cohn into evidence. Cohn and Christensen lived together from September 1983 to January 1984. As a witness for the State, Cohn testified that Christensen had committed physical and sexual abuse on her similar in some aspects to that alleged by Delp. No criminal charges resulted from this alleged abuse; nor did Cohn report the abuse to the authorities. The district court, in its ruling on defendant's motion in limine, found the challenged testimony relevant to "the issue of absence of mistake or accident" as concerns Delp's consent to sexual intercourse. Accordingly, the district court ruled the testimony admissible. Christensen contends this ruling violates Iowa Rule of Evidence 404(b).

The general rule is that "one crime cannot be proved by proof of another." *State v. Cott*, 283 N.W.2d 324, 326 (Iowa 1979) (quoting *State v. Schlak*, 253 Iowa 113, 115, 111 N.W.2d 289, 291 (1961)). The purpose of the rule is to exclude from the jury's consideration evidence which has no relevancy except to show that the defendant is a bad person and thus likely commit-

ted the crime in question. *Id.* This rule is codified as Iowa Rule of Evidence 404(b). *See* Iowa R.Evid. 404(b), federal advisory committee's notes. That rule reads as follows:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The exceptions to this rule are based upon the relevancy of certain evidence to the proof of some fact or element in issue other than the defendant's criminal disposition. *Cott*, 283 N.W.2d at 326. The test of admissibility under an exception to rule 404(b) is two-pronged. First, the challenged evidence must be relevant to one or more legitimate issue other than a general propensity to commit wrongful acts. *State v. Barrett*, 401 N.W.2d 184, 187 (Iowa 1987). In order to be "legitimate" within this rule, the issue must be a material one which has been raised concerning one of the exceptions to rule 404(b). *United States v. Farber*, 630 F.2d 569, 571 (8th Cir.1980), *cert. denied*, 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114 (1981). Stated differently, the proffered evidence must tend to establish some material issue in the case. *State v. Roth*, 403 N.W.2d 762, 765 (Iowa 1987); *Barrett*, 401 N.W.2d at 187. Unless evidence of other crimes, wrongs, or acts has probative value under a recognized exception to the general prohibition of such evidence, a district court has no discretion to admit it. *State v. Belieu*, 288 N.W.2d 895, 901 (Iowa 1980). Second, even if the proffered evidence is relevant to a material issue, its probative value must not be substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *State v. Munz*, 355 N.W.2d 576, 579 (Iowa 1984).

■ The district court believed the challenged testimony probative on the issue of whether Christensen mistakenly or accidentally believed Delp was consenting to sexual intercourse. We think, however, that this issue was material to neither the State's case nor Christensen's defense. Christensen was charged with violating Iowa Code section 709.4(1) (1985). That subsection defines sexual abuse in the third degree as

[a]ny sex act between persons who are not at the time cohabiting as husband and wife ... by a person when the act ... is done by force or against the will of the other participant.

Relatedly, Iowa Code section 701.6 (1985) provides, in pertinent part, that "[e]vidence of an accused person's mistake as to a matter of ... fact ... shall be admissible in any case where it shall tend to prove the existence or nonexistence of some element of the crime with which the person is charged." In *State v. Bauer*, 324 N.W.2d 320 (Iowa 1982), our supreme court held that a defendant's awareness of a putative sexual abuse victim's lack of consent is not an element of third-degree sexual abuse. In *Bauer*, appellant contended he could not be found guilty of third-degree sexual abuse "because he was justified in believing [the victim] was a willing partner [in the sex act]." *Id.* at 321. The supreme court began its analysis of this claim by noting Iowa Code section 709.5 (1979) which provides as follows:

Under the provisions of this chapter it shall not be necessary to establish physical resistance by a participant in order to establish that an act of sexual abuse was committed by force or against the will of the participant. However, the circumstances surrounding the commission of the act may be considered in determining whether or not the act was done by force or against the will of the other.

The court then emphasized that the current sexual abuse statute concerns itself with "the question of whether the sexual act was committed 'by force or against the will' of the victim." *Id.* at 322. This inquiry is answered in each case with reference to the above-quoted section 709.5 and, if answered in the affirmative, "is all our statute demands." *Id.; see also* II Iowa Uniform Jury Instructions (criminal) No. 908 (1984). The appellant's contention that

his awareness of complainant's nonconsent must be shown was rejected. *Id.* This holding is consistent with the position taken by our supreme court that "[s]tatutes regarding sex offenses are common examples of employment of strict liability intended to protect the public welfare." *State v. Tague*, 310 N.W.2d 209, 211 (Iowa 1981). *See also Commonwealth v. Lefkowitz*, 20 Mass.App. 513, 517, 481 N.E.2d 227, 231, *review denied*, 396 Mass. 1103, 485 N.E.2d 188 (1985) ("the prosecution has proved rape if the jury concludes that the intercourse was in fact nonconsensual . . . , without any special emphasis on defendant's state of mind.").

The *Bauer* holding is also consistent with the cases interpreting other subsections of our third-degree sexual abuse statute. For example, in *State v. Tague*, 310 N.W.2d 209 (Iowa 1981), our supreme court was called upon to interpret Iowa Code section 709.4(3) (1979) which defines as third-degree sexual abuse any sex act between persons not cohabiting as husband and wife when the other participant is under fourteen years old. After stating that the "[d]efendant plainly bears the full risk of his conduct," the court held both that this crime does not require a defendant's knowledge or intent and that, consequentially, a defendant's reasonable mistake of fact as to the victim's age did not constitute a defense. *Id.* at 212. *State v. Sullivan*, 298 N.W.2d 267 (Iowa 1980), contains identical holdings with respect to subsection 709.4(2) (1979) which prohibits sex acts between persons not cohabiting as husband and wife when the other participant is suffering a mental defect or incapacity which precludes giving consent. The *Sullivan* court acknowledged the possibility that "an erroneous judgment by an offender may still subject him or her to criminal sanction if the partner in *fact* does not possess the requisite mental capacity." *Id.* at 273. In light of the policies underlying the statute, however, the court found such protection warranted. *Id.* We think *Tague* and *Sullivan* serve as specific applications of the general principle that "the acts now defined as sexual abuse [do not] require a

specific intent." *State v. York*, 293 N.W.2d 13, 14 (Iowa 1980).

■ *Bauer* determined that a defendant's knowledge of his or her partner's lack of consent is not an element of section 709.4(1). 324 N.W.2d at 322. We think it follows from this premise that a defendant's mistake of fact as to that consent would not negate an element of the offense. *See State v. Williams*, 696 S.W.2d 809, 813 (Mo.App.1985) ("[I]t is incongruous to define forcible rape . . . as being accomplished 'without that persons consent by the use of forcible compulsion' . . . and yet authorize a verdict of not guilty upon the defendant's belief of consent, reasonable or not."); *see also* Lafave and Scott, *Criminal Law*, § 47 at p. 358 (1972) ("[T]he crime of rape must be understood as *not* including an element of knowledge of the woman's lack of consent, from which it follows that not every mistake by the defendant by which he believes the woman is consenting will be a defense.") Evidence tending to demonstrate Christensen's mistaken or accidental belief that Delp consented to the pertinent sex acts, therefore, would not constitute an admissible defense under Iowa Code section 701.6 (1985). As this mistake of fact defense is not available to Christensen, the State's attempt to rebut this anticipated defense by the use of Cohn's testimony is misguided. Such testimony has no tendency to establish any material issue in Christensen's case, *see Roth*, 403 N.W.2d at 765, and accordingly cannot be properly admitted pursuant to any exception contained in rule 404(b). The district court had no discretion to admit the testimony, *see Belieu*, 288 N.W.2d at 901, and, in doing so, erred.

■ We need not rest our decision on this ground alone. Assuming, *arguendo*, that the absence of mistake or accident on the part of Christensen as regards Delp's consent is in some way material to Christensen's case, we think the proffered evidence irrelevant to that issue. In *State v. Ball*, 262 N.W.2d 278, 280 (Iowa 1978), our supreme court stated in an analogous situation that "[w]e have never adopted the principle that a victim's consent to inter-

course with one man implies her consent in the case of another, and we reject it now." Neither, we think, does one woman's lack of consent to intercourse with a man imply a different woman's lack of consent to intercourse with the same man. *See People v. Oliphant*, 399 Mich. 472, 476, 250 N.W. 2d 443, 450 (1976) ("Certainly, the fact that an individual commits a rape at one time has no bearing on whether another woman consented to intercourse at a later time."). Much less do we accept the additional necessary logical thread connecting Cohn's alleged lack of consent, Christensen's awareness of that lack of consent—an issue about which Cohn's testimony has nothing to say—and Christensen's awareness, mistaken or otherwise, of Delp's lack of consent.

■ Neither are we persuaded by the additional argument proffered by the State on appeal: that Cohn's testimony is relevant as tending to show that Christensen intended to have sexual intercourse with an unwilling victim. As we have noted *supra,* third-degree sexual abuse is a general intent crime. *York,* 293 N.W.2d at 14. Therefore, Christensen's specific intent was not a material issue at his trial. *Cf. Commonwealth v. Grant*, 391 Mass. 645, 647, 464 N.E.2d 33, 36 (Mass.1984) (rejecting contention that in order to convict of aggravated rape the State must prove defendant's specific intent that the intercourse be without consent). In addition, as manifest in our analysis above, we fail to see the logical progression of the State's argument. First, we find nothing in Cohn's testimony which would tend to establish Christensen's specific intent to engage in nonconsensual intercourse with her or anyone else. Assuming the facts as testified to by Cohn, Christensen in fact intended to have sexual intercourse with her, and may have been willing to effectuate that intent via the use of fear. But this evidence only establishes, at most, that Christensen was seeking sexual intercourse; it does not demonstrate that he was specifically seeking nonconsensual sexual intercourse. Second, the gap the State seeks to bridge between the Cohn/Christensen relationship and the Delp/Christensen relationship can be bridged, we think, in only one way: by allowing the jury to infer that Christensen acted in conformity with his character as manifested in his earlier acts. Our supreme court, in the context of a sex crime appeal, has stated that such a "focus on the criminal or aberrant disposition of the defendant with regard to various victims is exactly the sort of prejudice which the general rule [prohibiting evidence of prior bad acts] seeks to avoid." *State v. Cott*, 283 N.W.2d 324, 327 (Iowa 1979). In short, we cannot allow "intent" to become a not-so-subtle euphemism for "propensity."

We do not think this reasoning violates prior case law in which a criminal defendant's past sexual activities were held properly admissible in order to demonstrate his intent in the charged crime. *State v. Spargo*, 364 N.W.2d 203 (Iowa 1985), is such a case. Initially, we note that Spargo was tried and convicted of assault with intent to commit sexual abuse. Accordingly, and in contrast to the case at bar, the defendant's specific intent was a material issue at trial. Moreover, the inference held allowable in *Spargo* was much sounder than that urged by the State here. The *Spargo* analysis posits an earlier series of seductions, each of which resulted in an incident of sexual abuse. *Spargo* then reasons that a later similar seduction manifests an intent on the part of the defendant that the seduction will culminate in a similar incident of sexual abuse. In contrast, the State's present argument posits an earlier act, speculates as to the specific intent motivating that act, and contends that a reasonable interpretation of a later similar act would include that specific intent. The strength of the *Spargo* analysis results from its logical recognition that what the defendant began, he more than likely intended to finish. The State's present argument contains no such inner logic, and we decline to adopt it.

■ Finally, we realize that in addition to those bases for admission specifically enunciated in rule 404(b), our supreme court has recognized an exception applicable in the context of sex crime cases. In *State v. Spaulding,* 313 N.W.2d 878 (Iowa

1981), the sister of a sexual abuse victim testified to a sex act committed on her by the defendant, father of both the victim and the sister whose testimony was at issue. Although the testimony pertained to sexual contact other than that for which the defendant was being prosecuted, the Iowa Supreme Court held that it had been properly admitted. The court stated that such testimony

> is generally received in the belief "that certain unnatural sex crimes are in themselves so unusual and distinctive that any previous such acts by the accused with anyone are strongly probative of like acts upon the occasion involved in the charge...."

*Id.* at 881 (quoting McCormick's Handbook on the Law of Evidence, § 190 at 449 (2d Ed. E. Cleary 1972)).

The use of the phrase "unnatural sex crimes" suggests that by "unnatural" the court is excepting from the general rule those sex crimes that are "unusual." Sadly, it would appear that nonconsensual sexual abuse is the natural—in the sense of "usual"—sex crime in our society. To hold otherwise would be to allow the *Spaulding* exception to swallow the general rule in cases of this type.

■ We hold the district court committed reversible error in allowing Cohn's testimony. Her testimony was highly prejudicial and the remainder of the State's case against Christensen cannot be accurately described as overwhelming. *Compare State v. Craney,* 347 N.W.2d 668, 676 (Iowa 1984). Under these circumstances, we cannot find the error was harmless. *See State v. Leuty,* 247 Iowa 251, 258, 73 N.W.2d 64, 66–67 (Iowa 1955); *State v. Johnson,* 367 N.W.2d 319, 322 (Iowa App. 1985).

As we find reversible error in connection with Christensen's first contention, we do not address his argument that the record evidence is insufficient to support his conviction.

**REVERSED AND REMANDED FOR NEW TRIAL.**

HAYDEN, J., concurs.

DONIELSON, P.J., dissents.

DONIELSON, Presiding Judge (dissenting).

I respectfully dissent. I believe that the trial court was correct in admitting the testimony of Carol Cohn into evidence.

The general rule is that one crime cannot be proved by proof of another, but I contend that the challenged testimony relating to prior acts of the defendant is admissible for one of the stated purposes set out in Iowa Rule of Evidence 404(b).

I agree with the majority that a defendant's knowledge of a putative sexual abuse victim's lack of consent is not an element of Iowa Code section 709.4(1). Thus, the district court was in error for finding the challenged testimony relevant to the issue of absence of mistake or accident as it related to Delp's consent to sexual intercourse.

However, the district court's ruling on the admissibility of evidence concerning prior acts may be upheld so long as a specific objection could properly have been overruled on any theory. *State v. Serr,* 322 N.W.2d 96, 100 (Iowa App.1982). I find that the challenged testimony was properly admitted to show that defendant intended to have sexual intercourse with an unwilling participant, rather than to show absence of mistake or accident. The majority discusses at length rejection of the "intent" argument, based on the fact that third-degree sexual abuse is a general intent crime, rather than a specific intent crime. I do not find the term "specific intent" as opposed to "general intent" to be controlling. Iowa Rule of Evidence 404(b) states that evidence of other acts may be admissible to show intent. There is no mention of "specific" or "general" in the rule.

The majority finds that the evidence of defendant intending to have sexual intercourse with Cohn and effectuating that intent via fear only establishes that defendant was seeking sexual intercourse. I find that it establishes he was seeking nonconsensual sexual intercourse. Cohn feared

for her physical well being if she rejected defendant's sexual advances. I further find that the connection between the defendant-Delp relationship and the defendant-Cohn relationship is relevant and material to demonstrate the intent of defendant to engage in nonconsensual sexual intercourse with Delp. The similarities between the two relationships are overwhelming: both Delp and Cohn maintained a brief live-in relationship with defendant; both women testified that defendant accused them of having relationships with black men; both women testified as to defendant's jealous moods, wherein defendant would become violent, assaultive, and threaten further beatings and/or death; both victims testified as to being kicked in the vaginal area; both women testified they feared resisting defendant's sexual advances because they did not want to get beaten again or killed; and both women testified as to defendant's attempts to prevent them from leaving his sight. Thus, the connection between the two relationships is relevant to demonstrate defendant's intent to have nonconsensual sexual intercourse, not to show that defendant acted in conformity with prior bad acts.

The majority regards *State v. Spargo*, 364 N.W.2d 203 (Iowa 1985), as not on point because that case involved assault with intent to commit sexual abuse, a specific intent crime, as opposed to the general intent crime involved in the instant case. I find *Spargo* to be in line with the analysis which should be taken in this case. Evidence of defendant's past sexual activities with Cohn should be held properly admissible to demonstrate his intent in the instant charge to engage in nonconsensual sexual intercourse. The majority states that since the case at bar involves a general intent crime, the challenged testimony cannot be utilized to demonstrate this intent. However, the defendant claimed he did not intend to have nonconsensual intercourse with Delp; therefore, I find Cohn's testimony very probative of the issue which defendant put into deliberation for the jury. Furthermore, the majority does not cite any authority stating that the proffered testimony of prior bad acts may be used

only for specific intent crimes. To so hold would mean that the State in prosecuting all general intent crimes could not elicit evidence concerning prior bad acts to prove the intent of the crime so charged. I believe "intent" as used in Iowa Rule of Evidence 404(b) refers to the requisite intent of the crime charged; and, as such, the challenged testimony was properly admitted to show defendant's intent to have nonconsensual sexual intercourse with Delp.

I also believe that Cohn's testimony was more informative and probative than prejudicial to the defendant. The level of prejudice inherent in this type of evidence is high, but it is nonetheless admissible if its value to search out the truth is higher than the possible prejudice. *State v. Spaulding*, 313 N.W.2d 878, 881 (Iowa 1981). An element of sexual abuse in the third degree is that the sexual intercourse was done against the other participant's will. Iowa Code § 709.4(1). As between defendant and Delp, it was defendant's word versus Delp's word that the sexual intercourse was nonconsensual: there were no eyewitnesses. Cohn's testimony helped corroborate Delp's testimony as it related to fear, fear being a substitute for the resistance otherwise required against defendant's sexual advances in a third-degree sexual abuse charge. *State v. Bauer*, 324 N.W.2d 320, 322 (Iowa 1982). Because of the similarities of the Delp/Cohn situations, the court was correct in admitting Cohn's testimony.

In light of the evidence available to the prosecution to prove Delp's lack of consent (wherein I might note there is still a tendency in today's society to believe a live-in relationship connotes consensual sexual intercourse) and in light of the balancing between the prejudice to the defendant and the probative value to the State's case, I feel such testimony was properly admitted. The trial court did not abuse its discretion.

The majority summarily states that the remainder of the State's case against defendant was not overwhelming. I summarily state that I think the evidence was overwhelming; therefore, even if allowing

the challenged testimony is considered error, it would be considered harmless error.

I find that there was sufficient evidence from which the jury could find defendant guilty of the crime charged.