**STATE of Iowa, Appellee,**

v.

**Jeffrey Allen MOST, Appellant.**

**No. 96–1745.**

Court of Appeals of Iowa.

Feb. 25, 1998.

Gerald B. Feuerhelm, Des Moines, until withdrawal, then Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas S. Tauber, Assistant Attorney General, John Sarcone, County Attorney, and Jeffrey K. Noble, Assistant County Attorney, for appellee.

Heard by HUITINK, P.J., and STREIT and MAHAN, JJ.

HUITINK, Presiding Judge.

Defendant Jeffrey Allen Most appeals from the judgment and sentence following his convictions of lascivious acts with a child and assault with intent to commit sexual abuse in violation of Iowa Code sections 709.8 and 709.11 (1995). We reverse and remand for new trial.

## I. Background Facts and Proceedings.

Most was charged with sexual abuse in the second degree, lascivious acts with a child, and assault with intent to commit sexual abuse following allegations of sexual contact with his nine-year-old niece, K.B. The record includes K.B.'s testimony that while staying with Most, he pulled her to the floor and kissed her. K.B. also testified Most took her into his bedroom and pulled down his pants with one hand while holding her hands above her head with his other hand. K.B. testified Most lowered her shorts and underwear above her knees. She further testified to another occurrence when Most's hand was "sort of on [her] vagina."

The State's evidence also included Most's 1988 conviction for two counts of lascivious acts with eight-year-old G.B. and ten-year-old R.B. G.B. and R.B. testified in this case relating the details of their sexual experiences with Most including hand-to-genital contact. The physician who examined G.B. and R.B. in 1988 also testified in this case describing genital and other physical injuries G.B. and R.B. sustained as a result of Most's actions.

Most denied K.B.'s allegations. Medical examination of K.B. showed no physical evidence of sexual abuse.

On appeal, Most contends evidence of his prior convictions should have been excluded and the district court's contrary ruling was an abuse of discretion. The State argues Most's prior crimes were relevant evidence of his intent and were properly admitted.

## II.  Standard of Review.

■ On evidentiary issues we review for an abuse of discretion. *State v. Aricivia*, 495 N.W.2d 364, 367 (Iowa App.1992). In order to show an abuse of discretion, one generally must show the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.*

## III.  Prior Crimes Evidence.

■ Iowa R.Evid. 404(b) provides:

Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Prior crimes evidence is admissible if: (1) the evidence is relevant to establish a legitimate issue in the case (other than a general propensity to commit wrongful acts); and (2) there is clear proof the individual against whom the evidence is offered committed the prior bad act. *State v. Schaffer*, 524 N.W.2d 453, 455 (Iowa App.1994). Relevant evidence may nevertheless be excluded if its probative value is outweighed by its potential for unfair prejudice. Iowa R.Evid. 403; *State v. Wade*, 467 N.W.2d 283, 284 (Iowa 1991).

■ The State's theory of admissibility at trial was the relevancy of Most's prior convictions to his motive. On appeal, the State relies on a different theory citing the relevancy of Most's prior convictions to his intent to sexually abuse K.B. "[W]e will uphold a ruling of the court on the admissibility of evidence on any ground appearing in the record, whether urged below or not."

*State v. McCowen*, 297 N.W.2d 226, 227 (Iowa 1980).

■ The legitimate factual issue raised in this case concerns Most's intent to commit the offenses charged. *See State v. Haines*, 259 N.W.2d 806, 811 (Iowa 1977) (intent is an element of lascivious acts with a child); *State v. Spargo*, 364 N.W.2d 203, 210 (Iowa 1985) (assault with intent to commit sexual abuse is a specific intent crime). Criminal intent may be inferred from a previous conviction for lascivious acts with a child. *State v. Propp*, 532 N.W.2d 784, 787 (Iowa 1995) (citing *State v. Casady*, 491 N.W.2d 782, 786–87 (Iowa 1992) (intent to commit sexual assault may be inferred from defendant's behavior, history of other criminal behavior, and attendant circumstances)). While we find no express authority on the issue, we believe the sex acts detailed by G.B. and R.B. (finger or hand contact with genitals) resulting in Most's prior lascivious acts convictions provided evidence from which the jury could infer specific intent to commit sexual abuse in this case. *See* Iowa Code § 702.17 (definition of sex act). Because Most's prior convictions for lascivious acts were relevant proof of his intent to commit the offenses charged, the district court correctly concluded the exclusionary provisions of Rule 404(b) did not apply.

■ Our inquiry does not end with this determination. As noted, we must also determine whether the probative value of the challenged evidence substantially outweighs its potential for unfair prejudice. Iowa R.Evid. 403; *State v. Casady*, 491 N.W.2d at 785.

■ Probative value gauges the strength and force of the relevancy of the evidence presented. *State v. Plaster*, 424 N.W.2d 226, 231 (Iowa 1988) (citations omitted).

'Unfair prejudice' is an undue tendency to suggest decisions by the fact finder based on an improper basis, often an emotional one. Unfairly prejudicial evidence is evidence which appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action [which] may

cause a jury to base its decision on something other than the established propositions in the case. The appellate court may conclude that 'unfair prejudice' occurred because an insufficient effort was made below to avoid the dangers of prejudice, or because the theory on which the evidence was offered was designed to elicit a response from the jurors not justified by the evidence.

*State v. Brown,* 569 N.W.2d 113, 117 (Iowa 1997) (citations omitted).

In making a rule 403 determination, we consider the following factors:

(1) the actual need for the evidence in view of the issues and the other available evidence, (2) the strength of the evidence showing that the prior bad acts were committed by the accused, (3) the strength or weakness of the prior bad acts evidence in supporting the issue sought to be proven, and (4) the degree to which the jury will probably be roused by the evidence improperly.

*State v. Howell,* 557 N.W.2d at 912 (quoting *State v. Zeliadt,* 541 N.W.2d 558, 562 (Iowa App.1995)).

Under the State's theory, the probative value of Most's prior crimes was enhanced by its relevancy to Most's intent to commit the crimes charged. The intent requisite to conviction for lascivious acts with a child may be inferred from the nature of the act itself and proof of acts of a similar nature is unnecessary. *State v. Kinkade,* 241 Iowa 1259, 1261, 43 N.W.2d 736, 738 (1950) (citations omitted). The fact Most acted with a specific purpose in mind or intent to commit sexual abuse may be similarly inferred from the facts and circumstances surrounding his actions. *State v. Radeke,* 444 N.W.2d 476, 478 (Iowa 1989); *State v. Rinehart,* 283 N.W.2d 319, 321 (Iowa 1979). Evidence sufficient to prove necessary specific intent includes sexual comment, touching in a sexual manner, attempt to remove clothing, or an act in any other way which would indicate a plan to engage in sexual activity. *State v. Casady,* 491 N.W.2d at 787 (citing *State v. Spargo,* 364 N.W.2d at 210); *State v. Maynard,* 379 N.W.2d 382, 383–84 (Iowa App. 1985).

Our review of the record discloses substantial evidence apart from Most's prior convictions from which inferences of the requisite intent could be made. K.B. testified Most kissed her, removed her clothing, and touched her genitals. Under these circumstances, we conclude the State's need for prior crimes evidence has been overstated and its consequent probative value was nominal at best.

The high level of prejudice inherent in evidence of a defendant's prior sex crimes is unquestionable. *State v. Spaulding,* 313 N.W.2d 878, 881 (Iowa 1981). In any case where prior crimes evidence is offered, the court must consider the strong tendency for the jury to use it for an improper purpose. *State v. Roth,* 403 N.W.2d 762, 766 (Iowa 1987). "Focus on the criminal or abhorrent disposition of the defendant with regard to various victims is exactly the sort of prejudice the general rule [prohibiting evidence of prior crimes] seeks to avoid." *State v. Christensen,* 414 N.W.2d 843, 847 (Iowa App.1987) (quoting *State v. Cott,* 283 N.W.2d 324, 327 (Iowa 1979)).

We conclude the nominal probative value of Most's prior lascivious acts convictions was substantially outweighed by the highly inflammatory and unfairly prejudicial consequences of their admission. This court has stated "We cannot allow 'intent' to become a not-so-subtle euphemism for 'propensity.'" *Id.* The probability of the jury's improper inference of Most's propensity to commit these offenses required exclusion of this evidence. The district court abused its discretion by concluding otherwise. If the district court's reasons for admitting prior sexual offenses were not clearly unreasonable or untenable in this instance, we are hard-pressed to find a circumstance justifying exclusion of such evidence.

We are also unable to reconcile the State's estimate of the probative value of this evidence with its assertion that any error attending its admission was harmless. Such a conclusion would render our assessment of unfair prejudice meaningless. Nor can the State's evidence in this case be fairly characterized as overwhelming. *See State v. Chris-*

*tensen*, 414 N.W.2d at 848 (citations omitted). While we are not unaware of the obvious and painful consequences attending reversal and a new trial, neither the law nor the facts permit us to hold otherwise. The judgment of the district court is reversed and the case is remanded for new trial.

**REVERSED AND REMANDED FOR NEW TRIAL.**