# IN THE COURT OF APPEALS OF IOWA

No. 21-0907
Filed April 13, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHANTELL M. GRIMM,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Boone County, Stephen A. Owen,
District Associate Judge.

        Chantell Grimm appeals her conviction for possession of
methamphetamine. **AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney
General, for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Chantell Grimm appeals her conviction for possession of methamphetamine. Finding that the district court did not abuse its discretion in allowing certain evidence to reach the jury, we affirm.

At about 5:00 p.m. on the afternoon of November 16, 2020, Boone Police Officer Nathan McDougall received a call about a person slumped over the steering wheel of a car. When McDougall arrived at the scene, he found a vehicle on the curb of a sidewalk. Grimm was found unconscious at the wheel. Medical personnel were summoned to the scene and transported Grimm, who remained unconscious, to the hospital.

At some point after arriving at the hospital, Grimm regained consciousness but was still unable to answer questions. A nurse helped remove Grimm's clothing so that she could be examined. To locate identification, the nurse checked the pockets of Grimm's clothing and found a straw, a dollar bill rolled up to fit into the straw, and a small baggie containing an opaque substance in one of Grimm's pants pockets. Because medical staff believed the items to be contraband, Officer McDougall was summoned to the hospital to retrieve the items. Though initial field testing of the straw was negative for methamphetamine, the substance in the baggie was later found to be .45 grams of methamphetamine.

On December 3, 2020, the State filed trial information charging Grimm with "knowingly or intentionally" possessing methamphetamine in violation of Iowa Code section 124.401(5) (2020), and her case was set for a jury trial. Before trial, citing Iowa Rule of Evidence 5.403, Grimm moved to exclude evidence referring to the straw and dollar bill, arguing that they were not relevant. In the alternative,

Grimm argued that its relevance was substantially outweighed by the risk of undue prejudice. Grimm also moved to exclude as irrelevant the evidence that she was found unresponsive/unconscious in her vehicle and was unconscious upon her arrival at the hospital. The State resisted. The district court denied Grimm's motion to exclude, and the case proceeded to trial.

The jury ultimately convicted Grimm as charged. Grimm now challenges her conviction, arguing that the district court erred by allowing the jury to receive evidence of the fact that she was unconscious when first encountered by law enforcement, as well as evidence of the straw and dollar bill.[1]

In determining whether the challenged evidence is admissible, the district court must employ a two-step analysis. *State v Casteneda*, 621 N.W.2d 435, 440 (Iowa 2001). The court must first determine whether the evidence is relevant. *Id.* Evidence is relevant if it has "any tendency to make the existence of any fact that is of *consequence* to the determination of the action more probable or less

---

[1] At the outset, the State contends Grimm failed to preserve error on her evidentiary challenge to the straw and dollar bill. Grimm sought to exclude the evidence by filing a motion in limine, which the district court denied, but she never objected when the State offered the evidence at trial. This failure ordinarily waives error unless the court's rules on the motion in limine so that "it is beyond question whether or not the challenged evidence will be admitted during trial." *See State v. Dessinger*, 958 N.W.2d 590, 604 (Iowa 2021) (citation omitted).

In denying Grimm's motion in limine, the district court held the evidence was "relevant and material" to Grimm's knowledge that the substance she possessed was methamphetamine. It concluded, "To that extent, the motion is denied." The State concedes this "appears to be a final ruling on relevance" that Grimm did not need to renew at trial. But the State claims the ruling was not final on whether its probative value was outweighed by the danger of unfair prejudice, a claim Grimm waived by failing to object during trial. Because the outcome of this appeal will remain the same no matter how we resolve this issue, we assume without deciding that error is preserved to reach the merits of Grimm's claim.

probable than it would be without the evidence."  *Id.* (citation omitted).  There is a presupposition that relevant evidence is admissible.  Iowa R. Evid. 5.402.

If the court determines that evidence is relevant, it then must determine whether the evidence has a probative value that is not outweighed by unfair prejudice.  *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988).  The court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice."  *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013).  Evidence may be considered unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or triggers other mainsprings of human action that may cause a jury to base its decision on something other than the established proposition in the case."  *State v. Webster*, 865 N.W.2d 223, 242-43 (Iowa 2015) (citation omitted).

We review evidentiary rulings for abuse of discretion.  *Huston*, 825 N.W.2d at 536.  "We reverse a ruling that the district court makes in the balancing process . . . only if the district court has abused its discretion."  *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000), *cited with approval in Huston*, 825 N.W.2d at 536.  To show an abuse of discretion, "one generally must show the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable."  *State v. Most*, 578 N.W.2d 250, 253 (Iowa Ct. App. 1998).

The State argues that both the evidence of Grimm's lack of consciousness and the straw and dollar bill that were found in Grimm's clothing within the same pocket as the methamphetamine were relevant to whether she knowingly possessed methamphetamine.  While the State acknowledges that these facts also tend to establish the commission of an uncharged OWI, it argues that

"evidence immediately surrounding the offense is admissible to show the complete story of the crime." *See State v. Shortridge*, 589 N.W.2d 76, 83 (Iowa Ct. App. 1998). While Grimm argues that this evidence is still irrelevant if there is no evidence "linking her unconscious state to the ingestion of methamphetamine" in particular, we note that Officer MacDougall testified that he knew that a person could lose consciousness as a result of using methamphetamine. The officer also testified that the straw and dollar bill, which were found together with the baggie of methamphetamine, were items that Grimm could use to snort a substance and that there is no other plausible use for them. For these reasons, we find the evidence of both Grimm's unconscious state and her possession of the straw and rolled dollar bill to be relevant.

Next we turn to whether this relevant evidence was more prejudicial than probative. Grimm argues that evidence of her lack of consciousness at the scene and at the hospital, as well as evidence of the straw and dollar bill in her pocket, was prejudicial because it allowed the jury to assume she had used the drug and therefore knew she possessed it. Grimm further argues that because there was no evidence that the hospital tested her for methamphetamine and because Officer MacDougall's initial field test on the straw was negative, there was nothing linking this evidence to drug use and thus the inference created by its admission into evidence was unfair. But Officer MacDougall testified that he had enough experience with drug users to know that a person can potentially lose consciousness as a result of the use of methamphetamine. And the defense acknowledged before trial that the straw and dollar bill "can be associated with drug use," and Officer MacDougall's testimony showed that they could have been

used or intended to be used for that very purpose. Moreover, the straw and dollar bill were in the same pocket as the methamphetamine, thus bolstering the State's assertion that Grimm knew she possessed the methamphetamine even if the items appeared to have been used.

While evidence of Grimm's unconsciousness and of the straw and dollar bill was inherently prejudicial to Grimm's case, "[w]e look beyond this type of inherent prejudice to whether the evidence has an undue tendency to suggest a decision on an improper basis, appeals to the sympathies of the jury, or otherwise might cause the jury to base their decision on something other than the relevant legal propositions." *State v. Delaney*, 526 N.W.2d 170, 175 (Iowa Ct. App. 1994). Applying the guiding legal principles, we cannot say that the probative value of that evidence was substantially outweighed by the danger of unfair prejudice. Nor can we conclude that the court exercised its discretion on grounds or for reasons clearly untenable or unreasonable. Because we give much leeway to trial judges who must fairly weigh probative value against probable dangers, in accordance with the above discussion, we affirm Grimm's conviction.

**AFFIRMED.**