STATE of Iowa, Plaintiff–Appellee,

v.

Liborio MARTINEZ, Defendant–
Appellant.

No. 99–0831.

Court of Appeals of Iowa.

Aug. 30, 2000.

Linda Del Gallo, State Appellate Defender, and Nan Jennisch, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Denise A. Timmins, Assistant Attorney General, Thomas S. Mullin, County Attorney, and Mark Campbell, Assistant County Attorney, for appellee.

Considered by SACKETT, C.J., and STREIT and VAITHESWARAN, JJ.

SACKETT, Chief Judge.

Defendant–Appellant, Liborio Martinez, appeals following his conviction for three counts of possession with intent to deliver and three drug count violations. Defendant contends the district court (1) should have admitted an exculpatory statement in the form of a letter written to his attorney by a witness who refused to testify and consequently is unavailable, and (2) should not have admitted evidence he used aliases in the past. We affirm.

Defendant and Sandra Guadarrama were arrested in the evening hours of December 11, 1998, following a search in which police officers found methamphetamine, cocaine hydrochloride, cocaine and marijuana in an apartment occupied by Guadarrama and her children. Guadarrama had given permission for the search, and defendant, the father of Guadarrama's children, was in the apartment at the time. The officers went to Guadarrama's apartment after Elaine Walker, arrested for passing $100 counterfeit bills, told police she purchased drugs with a counterfeit bill at the apartment. At the time of arrest defendant admitted the drugs were his,

and Guadarrama denied ownership of them.

On January 26, 1999, Guadarrama wrote the following letter to defendant's attorney:

To: Douglas Roehrich 1–26–99
 Attorney at Law

I Sandra Guadarrama willingly & knowingly plead guilty & possession of all drugs that was seized from my home 905—12th St. # 2.

*Liborio Martinez,* has nothing! nothing! to do with these drugs there [sic] were in my house and in my possession. .

I've told the officers (police) that he don't live with me he came to visit his children and asked if he could spend the night I said it was ok. He had his duffle bag out in the hallway with him and they were there when the police came and I even showed them he didn't live here. I said just me and my kid. This is a true statement.
 Sandra Guadarrama

((nobodys putting me up to this! Its all on my own. This is my confession.
 Sandra Guadarrama

Defendant sought to admit the letter at trial after Guadarrama testified she wrote it but exercised her right against self-incrimination as to further testimony. The district court denied defendant's request but accepted the letter as an offer of proof. Defendant contends it was error for the court to refuse to admit the letter in evidence.

Defendant testified in his own behalf denying ownership or knowledge of the drugs and contending he initially admitted the drugs were his to prevent the children from being removed from their mother's care.

■ Defendant, while appearing to concede the letter written by Guadarrama is hearsay, contends it is admissible as a statement against penal interest under Iowa Rule of Evidence 804 [1], because Guadarrama, having exercised her privilege against self-incrimination, was not available to testify. The State agrees as do we that because Guadarrama exercised her privilege against self-incrimination she was not available to testify. *See State v. De-Witt,* 597 N.W.2d 809 (Iowa 1999). The State further agrees as do we that the letter is a statement against her penal interest.

■ The State contends the district court was correct in not admitting the letter because there are no corroborating circumstances showing the trustworthiness of the letter.

■ We review rulings on the admission of hearsay evidence for correction of errors of law. *See State v. Ross,* 573 N.W.2d 906, 910 (Iowa 1998). In addressing defendant's argument we need to focus on that part of Iowa Rule of Evidence 804(b)(3) that provides: "[a] statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

■ The rule imposes a showing that corroborating circumstances clearly indicate the trustworthiness of the statement when the statement exculpates the accused. Iowa R.Evid. 804(b)(3). The letter, if believed, would exculpate the defendant. Therefore we need to examine whether corroborating circumstances

**1.** Iowa Rule of Evid. 804(b) provides:

The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

(3) Statement against Interest. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to

render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement. .

clearly indicate the trustworthiness of the letter. *See id.*

Defendant contends the necessary corroborating circumstances have been shown to allow the jury to make a determination of whether the statements made in the letter are true. In support of this argument defendant points to the following facts: (1) Guadarrama admitted writing the letter; (2) she rented the apartment; (3) there were drugs found in a purse with other possessions of hers; and (4) he testified and denied ownership of the drugs and testified he made the earlier statements as to ownership so the children would not be taken from their mother.

The State contends the following facts support its position: (1) defendant was in the apartment at the time of the search; (2) at the time of arrest he admitted the drugs were his; (3) Guadarrama at the time of arrest denied ownership of the drugs; (4) Guadarrama gave permission to search the apartment first by officers and then by officers using a drug dog;[2] (5) the letter was not written until almost two months following the event; (6) defendant and Guadarrama are the parents of four children; (7) defendant was identified by Elaine Walker as the person who sold her drugs; (8) the counterfeit bill Walker gave defendant was found in the search.

■ Federal courts have noted that statements exposing the declarant to criminal liability but exculpating the accused are suspect. *United States v. Salvador,* 820 F.2d 558, 561 (2d Cir.1987), *cert. denied,* 484 U.S. 966, 108 S.Ct. 458, 98 L.Ed.2d 398 (1987). In order for a declaration against penal interest to be trustworthy evidence, the declarant must actually have made the statement, and it must afford a basis for believing the truth of the matter asserted. *United States v. Bagley,* 537 F.2d 162, 167 (5th Cir.1976), *cert. denied,* 429 U.S. 1075, 97 S.Ct. 816, 50 L.Ed.2d 794 (1977).

■ Actually the factors identified by the defendant and the State go to both the trustworthiness of the letter and the weight it should be given. In *DeWitt* the Iowa court noted the following observation made in *United States v. Garcia,* 986 F.2d 1135, 1141 (7th Cir.1993) to the federal counterpart of the Iowa rule:

> [T]he corroboration requirement of 804(b)(3) is a preliminary question as to the admissibility of evidence, not an ultimate determination as to the weight to be given such evidence. The district judge does not need to be completely convinced that exculpatory statements are true prior to their admission. Such a high burden was not intended by the corroboration requirement of 804(b)(3). The district court must find only that sufficient corroborating circumstances exist and then permit the jury to make the ultimate determination concerning the truth of the statements.

*Garcia,* 986 F.2d at 1141 (footnote omitted).

■ We look first to the factors that need be weighed on the issues of admissibility. Are there sufficient corroborating circumstances to show the letter is trustworthy? We find some guidance in *State v. Weaver,* 554 N.W.2d 240, 248 (Iowa 1996) where the Iowa court talked of factors to consider in making a trustworthiness determination under rule 803(24)[3] to

---

2. The State argues that this fact indicates the drugs were not hers because she would not have allowed the search had she known the drugs were there. However, the placement of the drugs in the apartment make it highly unlikely that a person living in the apartment would not have been aware of their presence.

3. Iowa R. of Evid. 803(24) allows for admission not specifically covered by foregoing exceptions where availability of the declarant is immaterial and provides in relevant part: "A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that...." Whether this establishes a greater degree of trustworthiness than is required for admission under Iowa R. of Evid. 804(b)(3) could be questioned but we do not do so.

include: the declarant's propensity to tell the truth, whether the alleged statements were made under oath, assurance of declarant's personal knowledge, the time lapse between the alleged event and the statement concerning the event, and the motivations of the declarant to make the alleged statements. *See id.* The court related additional circumstances to consider include corroboration, reaffirming or recanting the statement by the declarant, credibility of the witness reporting the statement, and availability of the declarant for cross-examination. *See id.* (citing 7 James A. Adams & Kasey W. Kincaid, *Iowa Practice—Evidence* 463–64 (1988); 2 Kenneth Broun et al., *McCormick on Evidence* § 324, at 363–65 (John W. Strong ed., 4th ed.1992)). Many of the above factors go not only to trustworthiness but also to the weight given hearsay evidence. Yet the underlying factor on admissibility under Iowa Rule of Evidence 804(b)(3) is whether a reasonable person could conclude the statement, the letter here, could be true. *See* 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence,* § 804.06(5)(6), at 804–59–61 (Joseph M. McLaughlin, ed., Matthew Bench 2d ed.1997) .04.06(5)(b) (1997).

 We conduct an examination to first determine whether the statement is what it purports to be, "A statement written by Guadarrama". Guadarrama testified she wrote the letter, and there is no evidence she did not nor is there any evidence she wrote it under some type of duress, threat or intimidation. Consequently a reasonable person could conclude she wrote it in good faith.

 The inquiry, however, does not end there but requires that we determine if the circumstances permit a reasonable person to believe that statements made in the letter as to ownership of the drugs could be true. *See, generally, id.* The following factors indicate the statements made in the letter might be true and Guadarrama's earlier denial might be false: (1) defendant's testimony the drugs were not

his and he was not aware the drugs were in the apartment; he originally admitted the drugs were his to keep the State from taking his children from their mother; (2) the drugs were found in an apartment where Guadarrama lived with her children; (3) drugs were found underneath the mattress of the bed where Guadarrama's children slept; (4) drugs were found in a purse with other possessions of Guadarrama's; (5) Guadarrama was present when the drugs were found; (6) defendant testified he was at the apartment only to visit his four children; (7) defendant had another address; (8) while defendant had $600 in cash in his billfold, the counterfeit bill was found in the apartment not his billfold.

The following factors indicate the statements made in the letter may be false: (1) defendant's presence in the apartment; (2) his initial admission as to ownership of the drugs; (3) Walker's testimony she purchased drugs from defendant; (4) Guadarrama's initial denial of ownership; and (5) the relationship between defendant and Guadarrama. These facts both support a finding defendant had an ownership interest in the drugs and impeach the credibility of Guadarrama's statement.

The difficult question is whether the evidence indicating the letter is false is so strong that a reasonable fact finder would not find it trustworthy, even though there is other substantial evidence in the record which if believed would support the statements in Guadarrama's letter. *See Garcia,* 986 F.2d at 1141.

 Federal courts have said statements exposing the declarant to criminal liability but exculpating the accused are suspect. *Salvador,* 820 F.2d at 561. And the inference of trustworthiness from the proffered corroborating circumstances must be strong, not merely allowable. *Id.* The conflicting facts as to the trustworthiness of Guadarrama's statement would best be explored through cross-examination. The evidence of corroborating circumstances is not sufficient to establish an

inference the statement is trustworthy. We affirm the district court on this issue.

█ Defendant's second contention is the State should not have been allowed to introduce evidence defendant has used other names or aliases. Defendant contends the evidence was not relevant, and if it were relevant, it was more prejudicial than probative. The State points out the only objection raised in district court is that the evidence was not relevant.

█ On evidentiary issues we review for an abuse of discretion. *State v. Most*, 578 N.W.2d 250, 253 (Iowa App. 1998). In order to show an abuse of discretion, one generally must show the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* Prior case law does not clearly delineate when a simple relevancy objection is sufficient to preserve a more specific argument on appellate review. *State v. Mulvany*, 603 N.W.2d 630, 632 (Iowa App.1999). However, the Iowa Supreme Court has recently held an objection on general relevancy grounds did preserve error on a challenge to probative value. *See State v. Sallis*, 574 N.W.2d 15, 17 (Iowa 1998). We find error was preserved by the defendant's motion in limine.

█ Federal courts have examined the issue of the admissibility of defendants' use of aliases under Federal Rule of Evidence 608(b). Federal interpretation of Federal Rules of Evidence can provide us with guidances in interpreting the Iowa counterpart to the federal rule, Iowa Rule of Evidence 608(b)[4]. Federal Rule of Evidence 608(b) provides similarly to Iowa

Rule of Evidence 608(b) that specific instances of the witness' conduct may "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness . . .". *See* Fed.R.Evid. 608(b) (1999).

█ Courts have held that "[a] witness' use of false names or false identities is a proper subject of cross-examination under Fed.R.Evid. 608." *United States v. Mansaw*, 714 F.2d 785, 789 (8th Cir.1983), *cert. denied*, 464 U.S. 964, 104 S.Ct. 403, 78 L.Ed.2d 343 (1983); *see also Young v. Calhoun*, 1995 WL 169020 at *5 (S.D.N.Y. Apr.10, 1995) (holding a witness' use of false names or identities is the proper subject of cross-examination under Rule 608). The United States Court of Appeals for the Ninth Circuit has reasoned:

> The issue is whether the use of false names bears directly enough upon the witness' veracity as to outweigh the general prohibition against cross-examining about particular acts of misconduct other than convictions of a crime. We think it does. If a man lies about his own name, might he not tell other lies?

*Lyda v. United States*, 321 F.2d 788, 793 (9th Cir.1963).

In *Fletcher v. City of New York*, 54 F.Supp.2d 328 (S.D.N.Y.1999), defendant sought to introduce into evidence eighteen aliases used by plaintiff. Plaintiff used the aliases in connection with other criminal activity for which he was convicted. Plaintiff expressed concern that defendant's effort to introduce all eighteen aliases into

---

**4.** Iowa R.Evid. 608(b) "Specific Instances of Conduct" provides:

"Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Iowa Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) con-

cerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility."

evidence would simply alert the jury to certain arrests and/or convictions that would not otherwise be admissible. *Fletcher*, 54 F.Supp.2d at 333. The district court ruled all eighteen of plaintiff's aliases were admissible under Federal Rule of Evidence 608(b) with the limitation that defendants may inquire into plaintiff's use of aliases, "without eliciting the fact that plaintiff was arrested and/or convicted for prior criminal conduct in connection with the use of these aliases." *Id.; Young v. Calhoun,* 1995 WL 169020 at *5.

The State cross-examined the defendant in regard to his prior use of aliases in order to impeach his credibility for honesty and truthfulness. Evidence of defendant's use of aliases in the past is highly probative in regards to credibility and truthfulness of the defendant. Evidence of defendant's use of aliases was a permissible method of impeachment by the State. The prejudicial effect of such evidence was minimal in comparison to its probative value for which it was offered. The trial court did not abuse its discretion in admitting evidence of defendant's prior use of aliases. The judgment and sentence entered is affirmed.

**AFFIRMED.**